

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 30, 1968

Honorable W.C. Lindsey          Opinion No. M-282
Criminal District Attorney
Jefferson County Courthouse     Re:  Whether home rule cities
Beaumont, Texas  77701               not covered by Civil Service
                                     Act (Art. 1269m, V.C.S.)
                                     both below and above 10,000
                                     population may organize an
                                     auxiliary police force with
                                     the right to carry pistols
                                     and other weapons while on
                                     duty but not to receive com-
Dear Mr. Lindsey:                    pensation.

        Your recent letter requesting an opinion of this office
states, in part, as follows:

        "The City of Port Neches, Texas, has a population
        of 8696 according to the 1960 Federal Census.  The
        City of Port Neches is a home rule city and in its
        Charter has reserved to its City Council the same
        general powers of appointment, term of office,
        qualifications and establishment of salaries for
        police officers as set forth in Article 998, V.A.
        C.S.  By Ordinance the City Council has established
        an Auxiliary Police Force which is affiliated with
        and subject to the Port Neches Police Department.
        This Ordinance does not provide for the payment
        of compensation to the members of the Auxiliary
        Force, and in fact, none is made.

        "There are other home rule cities lying within my
        district who have similar types of Charter provis-
        ions for establishment of Police Forces and who
        by ordinance have established reserve police of-
        ficers without compensation.  They do have a
        population in excess of 10,000 according to the
        1960 Federal Census."

- 1367 -

In relation thereto you present the following questions:

"1. May the City of Port Neches, <u>not being</u> <u>covered by the Civil Service Act</u> (Art. 1269m, V.A.C.S.) and having a population of <u>less than 10,000</u> organize an auxiliary police force when the members thereof do not receive compensation, and may these members carry weapons in the performance of their duties?

"2. May the cities <u>not having elected to be</u> <u>covered by the Civil Service Act</u> (Art. 1269m, V.A.C.S.) but having a population of <u>more than 10,000</u> according to the last Federal Census, organize an auxiliary police force when the members thereof do not receive compensation, and may these members carry weapons in the performance of their duties?"

In Attorney General's Opinion Number WW-997 (1961), this office has previously expressed the opinion that members of the auxiliary police department of the City of Taft were authorized by law to carry pistols in the performance of their duties as police officers and to act as city police even though they did not receive as much as $40.00 per month compensation. That opinion was based upon the fact that such officers were apparently appointed under the authority of Article 998, Vernon's Civil Statutes; and that being so appointed they were a constituent part of the regular police force and were not subject to the "special policeman" provisions of Article 484, Vernon's Penal Code.

Article 998 provides as follows:

"The city or town council in any city or town in this State, incorporated under the provisions of this title may, by ordinance, provide for the appointment, term of office and qualification of such police officers as may be deemed necessary. Such police officers so appointed shall receive a salary or fees of office, or both, as shall be fixed by the city council. Such council may, by ordinance, provide that such police officers shall hold their office at the pleasure of the city council, and for such term as the city

council directs. Such police officers shall give bond for the faithful performance of their duties, as the city council may require. Such officers shall have like powers, rights and authority as are by said title vested in city marshals. . ."

Article 483, Vernon's Penal Code prohibits the carrying of pistols in this state, while Article 484 provides, in part, that:

"The preceding article shall not apply to . . . any peace officer in the actual discharge of his official duty, ... nor to any ... special policeman who receives a compensation of forty dollars or more per month for his services as such officer, and who is appointed in conformity with the statutes authorizing such appointment; . . ." (Emphasis added).

In line with the Attorney General's Opinion No. WW-997 (1961), supra, which the Legislature has not seen fit to void in the seven years since its issuance, it is the opinion of this office that if the members of your proposed police force, by whatever name such force may be designated, are appointed under the provisions of, and in compliance with the requirements of Article 998, or similar home rule charter provisions, they will be peace officers and as such, while in the actual discharge of their official duties, will be, by the provisions of Article 484, specifically exempted from the prohibitions of Article 483; and accordingly, your first question is answered in the affirmative.

Article 1583-2, Vernon's Penal Code, prescribes minimum compensation for firemen and policemen in cities of 10,000 population and over. Section 2 of said Article 1583-2 reads as follows:

"Any city official, or officials, who have charge of the Fire Department or Police Department, or who are responsible for the fixing of the wages herein provided in any such city who violate any provisions of this Act, shall be fined not less than Ten ($10.00) Dollars or more than One Hundred ($100.00) Dollars; and each day on which such city official, or officials, shall cause or permit any violation of this Act shall constitute and be a separate offense."

It is the opinion of this office that even though there is no provision contained in said Article 1583-2 which would make it a violation of Article 483 for such policeman to carry a pistol or other weapon <u>while in the actual discharge of this duty</u> if he were so employed without compensation in a city of over 10,000 population, the employment of such officer without compliance with the pay requirements of Article 1583-2 would constitute a violation on the part of the above-referred official and, therefore, your second question should be answered in the negative.

## SUMMARY

Auxiliary policemen appointed in accordance with Article 998, V.C.S., are not prohibited from carrying a pistol while in the actual discharge of their official duty even though they are paid no compensation for their services when they are so employed by a city having a population of less than 10,000 by the preceding Federal Census and which city is not covered by the Civil Service Act (Art. 1269m, V.C.S.), but such employment without compensation in cities of over 10,000 would subject certain city officials to penal fine under the provisions of Article 1583-2, V.P.C.

Very truly yours,

Crawford C. Martin
Attorney General of Texas

Prepared by Monroe Clayton
Assistant Attorney General

APPROVED:

OPINION COMMITTEE
Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Bob Lattimore
Jim Vollers
Harold Kennedy
Robert Owen

STAFF LEGAL ASSISTANT
A.J. Carubbi, Jr.